**UNITED STATES of America**

v.

**John Robert CONNER.**

No. 13521.

United States District Court
M. D. Pennsylvania.

June 29, 1962.

On Motion to Set Aside Judgment

Nov. 16, 1962.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for plaintiff.

Francis W. Rice, Sunbury, Pa., for defendant.

FOLLMER, District Judge.

Petitioner, during a trial to No. 13521 Criminal of this Court, changed his plea from not guilty to guilty and on January 5, 1962 was duly sentenced to a term of four years. He is presently at the United States Penitentiary, Lewisburg, Pennsylvania. He has now filed a motion under Rule 32(d) of the Federal Rules of Criminal Procedure to set aside the judgment of conviction and permit him to withdraw his plea. He alleges:

"It is now stated that promises were made by the United States Attorney's Office to induce petitioner defendant to plead guilty in mid-trial whereas petitioner defendant was forced to plead guilty to protect his immediate family from harassment.

"It is also stated that petitioner-defendant now has access to legal documentary proof which at such time as a hearing can be had, will be produced to substantiate that this allegation is true and show without doubt that chicanery was used to gain a conviction for the Office of the United States Attorney for the Middle District of Pennsylvania."

These allegations are too vague to apprise the Court of what petitioner considers to be "manifest injustice" under Rule 32(d).

Petitioner will be allowed fifteen days to supplement the petition by stating specifically the "promises" to which he refers and by whom made, and detail the facts on the basis of which he contends he "was forced to plead" and set forth the nature and content of the "documentary proof" to which he refers.

A petition such as this is not a game containing an element of surprise. All parties are entitled to know precisely and completely what is involved and this Court should be able to pass upon whether the petition merits further consideration.

**On Motion to Set Aside Judgment**

This defendant entered a plea of not guilty to an Indictment of five counts charging violation of 18 U.S.C. § 2421 (Mann Act) on five different dates. The case was called for trial before a jury. During the presentation of the case by the Government, defendant's wife, the victim named in the Indictment, was cited for contempt of Court for refusing to testify. On the second day of the trial defendant moved for leave to change his plea of not guilty to that of guilty to Count No. 1. Leave was granted and the change of plea was made. The Government indicated that it would move for the dismissal of Counts 2 to 5 inclusive. In due course defendant was duly sentenced to a term of four years and a nol pros was entered as to Counts 2 to 5 inclusive of the Indictment.

Defendant is presently at the United States Penitentiary, Lewisburg, Pennsylvania.

He filed with this Court a motion under Rule 32(d) of the Federal Rules of Criminal Procedure to set aside the judgment of conviction and permit him to withdraw his plea, and furthermore that he be afforded another opportunity to stand trial. Attached to the motion was an affidavit of defendant which included a number of accusations primarily directed at the United States Attorney. Feeling that the said allegations were too vague to apprise the Court of what defendant considered to be "manifest injustice" under Rule 32(d), defendant was allowed fifteen days to supplement his petition, stating specifically what the "promises" to which he referred were and by whom made, and to detail the facts on the basis of which he contended he "was forced to plead" and to set forth the nature and content of the "documentary proof" to which he referred. Defendant filed a supplement to the petition which failed completely to comply with the Order of the Court, indicating, as a matter of fact, that he was under no obligation so to do. He was granted an additional fifteen days

in which to comply, whereupon he did file a second supplement in which he makes certain allegations regarding a Special Agent of the Federal Bureau of Investigation and a Mrs. Nancy Morris.

The Court then granted a Rule on the United States Attorney to show cause why the motion should not be granted. Following the filing of an Answer to the Rule to Show Cause, defendant filed a further affidavit captioned "Traverse to an affidavit in opposition of the United States Attorney." This affidavit in addition to repeating all that he had previously said, stated: "Your petitioner has alleged and still does that Special Agent Anderson induced and coerced Mrs. Nancy Morris by threat of arrest should she not testify against petitioner." The Court thereupon directed that a hearing be held and further directed the United States Attorney to obtain the presence of the defendant at the hearing and to subpoena necessary witnesses on behalf of the United States.

Defendant indicated to the Court that he was without counsel and had only a small amount of money. The Court appointed an attorney to assist him.

Defendant testified at considerable length. He stated that he had endeavored to have two female witnesses, one of whom was his wife. He stated that the United States Marshal had not been able to locate them. Although the Court offered to continue the hearing until he could locate the witnesses, defendant indicated his desire to proceed.

Defendant testified that he felt he was not properly defended by his attorney; that the Assistant United States Attorney had told him his sentence would not exceed two years; that after the sentence his attorney told him it would be reduced; that he plead guilty in order to have his wife released from contempt of court and on the basis that his sentence would not exceed two years, and that these promises were made by his attorney, Mr. Goldberg, and the Assistant United States Attorney Minnick; that in entering his

plea of guilty he was coerced and that his idea of coercion is, "I think that is a sign of force if I can get my wife released from contempt of court."

There also appeared and testified Arthur L. Goldberg, Esq., defendant's trial attorney; Daniel R. Minnick, Esq., Assistant United States Attorney, the prosecutor; Carlon M. O'Malley, Esq., Assistant United States Attorney, assistant prosecutor; Terry R. Anderson, F.B.I. Agent, and Francis E. O'Gorman, Assistant Probation Officer. The testimony of these witnesses clearly showed that defendant plead guilty only to charges fully and completely proven before the jury, and the dismissal of Counts 2 to 5 inclusive, was in accordance with accepted practice. The Government felt that the ends of justice would be served by a plea to the first count and that there was nothing to be gained by further prosecution.

Mrs. Nancy Morris, sister-in-law of defendant and the sister of his wife, who was the subject of the charge against Agent Anderson was not called as a witness at the trial, so that charge becomes moot.

Defendant was most ably represented at his trial by attorney, Mr. Goldberg, who happens to be a highly regarded, capable and respected member of the Bar of this Court. Mr. Minnick and Mr. O'Malley, Assistant United States Attorneys, Mr. O'Gorman, Probation Officer, and F.B.I. Agent Anderson, are all most highly respected by this Court for their tested ability, their honesty and integrity.

After the defendant had stated to the Court (at the hearing on his motion) that he was without funds with the exception of a small sum of money, Mr. Goldberg testified that defendant had left with him for safekeeping a certificate of stock having a market value of about Four Hundred Dollars and some jewelry, all of which he had turned over to the United States Marshal.

This defendant, not a novice in the criminal courts,[1] after having listened to a damning recital definitely attesting to the fact that he had prostituted the victim named in the Indictment, who incidentally after the Indictment was returned became his wife and accordingly the stepmother of his three small children, and that the prostitution of the victim continued after their marriage, decided that the better part of wisdom was for him to plead to one count if he could be relieved of the other four counts. He signed the request for leave to change his plea. He was accorded, by this Court, every opportunity to bring to the attention of the Court any facts which would tend to indicate a lack of due process or an abridgment of his fundamental rights.

To my mind the testimony produced by the Government left no doubt as to defendant's guilt of the charge made by Count 1. The defendant thought nothing of falsifying to the Court as to his funds, and I found his veracity equally unreliable in his recital of statements and alleged promises made by his attorney and the Assistant United States Attorney. The record as amplified by the testimony of five highly reputable witnesses completely answers all of the allegations he made in the voluminous papers he filed in this proceeding.

The motion is frivolous, completely without merit, was not filed in good faith, and will be denied.

1. His record started in 1933 and includes twenty-two separate offenses.